**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Richard Chadbourn Weisberg,<br><br>    Plaintiff,<br><br>v.<br><br>Zurich American Insurance Company,<br><br>    Defendant. | No. CV-19-05565-PHX-SMB<br><br>**ORDER** |

    Pending before the Court is Defendant's Motion to Dismiss. (Doc. 14.) Neither party requested oral argument. Plaintiff filed a response (Doc. 18.), and Defendant filed a reply. (Doc. 19.) After considering the pleadings, the Court will grant the motion for the reasons explained below.

**I.    BACKGROUND**

    This matter arose out of an insurance coverage dispute between Plaintiff, Richard Weiserg, and Defendant American Guarantee & Liability Insurance Company ("American Guaranty").[1] Plaintiff alleges that he purchased from Defendants a professional liability insurance policy in preparation of his retirement as an attorney. (Doc. 1 at ¶ 7.) At the time

---

[1] The Plaintiff apparently incorrectly named Zurich American Insurance Company as the Defendant in his complaint (Doc. 1.). However, Plaintiff stipulated to substituting American Guarantee as the proper Defendant in his response. (Doc. 18 at 1, n. 1.) Thus, the Court will refer to the Defendant as American Guarantee for the purposes of this Order.

he purchased the policy, Plaintiff claims that he was living in Carefree, Arizona. (Doc. 18 at 3-4.) The complaint alleges that Defendant agreed to pay "all amount in excess of the Deductible set forth in the Declarations that an **Insured** becomes legally obligated to pay as **Damages** because of a **Claim** that is both first made and reported to the **Company** during the **Policy Period** or any Extended Reporting Period, if applicable, based on an act or omission in the **Insured's** rendering or failing to render **Legal Services** for others." (emphasis original) (Doc. 1 at ¶ 8.)

Plaintiff, Richard Weisberg, was sued four times in Pennsylvania state court by Pennsylvania residents Mildred Weisberg and James Weisberg during the policy period. (*Id.* at 2; Ex. B-E.) Plaintiff informed Defendant by letter of the suits on May 14, 2018 and July 3, 2019. (*Id.* at ¶ 13.) On July 25, 2019, Defendant sent a letter to Plaintiff which stated that "it [was] under no duty and will not be assigning defense counsel on the Insured's behalf, and the Insured defendant [would] not be indemnified for any judgment, settlement, or award rendered or expenses incurred in connection with this matter." (*Id.* at ¶ 14.) The complaint alleges that the lawsuit contained "numerous allegations by the adverse parties that fall squarely withing [Defendant's] professional liability coverage." (*Id.* at ¶ 15.)

Due to Defendant's refusal to cover Plaintiff's claims, Plaintiff retained counsel in Arizona. (Doc. 18 at 2, 7.) Plaintiff's counsel sent a letter to American Guarantee on August 9, 2019, demanding that it reconsider its decision to deny coverage. (*Id.* at 2.) In the letter, Plaintiff's counsel demanded that American Guarantee reconsider its position and agree to a defense by August 16, 2019. (*Id.* at 2; *Id.* at Ex. 1.) Plaintiff claims that Defendant repeatedly asked for extensions of time and assured Plaintiff that it was investigating and evaluating his claim to determine whether it would provide for his defense. (*Id.* at 2.) Plaintiff "waited for [Defendant] to investigate and went on paying defense costs, but in the meantime, began work on the Complaint he eventually filed in this action." (*Id.* at 2.) Plaintiff claims that his counsel reached out to Defendant's counsel on August 30, 2019, September 17, 2019, October 7, 2019, October 17, 2019, October 21, 2019. (*Id.* at 5-7.) In response to these inquiries, Defendant claimed that it was investigating and finalizing its

coverage position. (Doc. 18 at 7.) Plaintiff claims that Defendant delayed responding and covered up its real reasons for the delay while it prepared and filed a complaint in a forum "that [it] knew was inconvenient for Plaintiff and his counsel, who both resided in Arizona." (Doc. 18 at 7.) Plaintiff further argues that Defendant was "trying to keep [Plaintiff] from filing a lawsuit while [Defendant] prepared its own." (Doc. 18 at 8.)

On October 28, 2019, just days before the lawsuit before this Court was filed, American Guarantee filed a complaint for declaratory judgment against the Law Offices of Richard C. Weisberg and Richard C. Wiseberg in the United States District Court for the Eastern District of Pennsylvania. (Doc. 14 at 2.) In its complaint, American Guarantee seeks a declaration that is has no obligation to defend or indemnify Richard C. Weisberg against four underlying suits asserted against him under the professional liability insurance policy that it issued to the Law Offices of Richard C. Weisberg based on late notice, the scope of the insurance agreement, and certain policy exclusions. (Doc. 14, Ex. 1 at ¶ 2.; Doc. 14 at 3.)

Thereafter, the Plaintiff in this case filed his complaint on November 5, 2019 with this Court. (Doc. 1.) The Plaintiff's complaint alleges two causes of action against Defendant: (I) Breach of Contract for Defendants refusal to pay amounts owed to Plaintiff under the policy and (II) Breach of Duty of Good Faith and Fair Dealing because Defendants coverage position lacked a reasonable basis. (*Id.* at ¶¶ 39-49.) The complaint also asks for punitive damages. (*Id.* at ¶¶ 49-53.)

Defendant now moves to dismiss Plaintiff's complaint pursuant to Federal Rules of Civil Procedure 12(b)(3), 12(b)(7), and 19 arguing that Plaintiff has failed to join indispensable parties—the claimants in the underlying four lawsuits—and that the first-to-file rule mandates the dismissal or transfer of this action to the Eastern District of Pennsylvania. (Doc. 14 at 1.) In response, Plaintiff argues that the underlying claimants are not necessary parties to the action and that Defendant's suit in the Eastern District of Pennsylvania was anticipatory, which constitutes an exception to the first-to-file rule. (Doc. 18.)

## II.     ARGUMENT

### 1. Failure to Join an Indispensable Party

Defendant contends that Plaintiff has failed to join a necessary party to the action—the claimants in the underlying four lawsuits, James and Mildred Weisberg. Thus, Defendant contends that this action should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(7) and 19. In response, Plaintiff argues that joinder of the underlying claimants is not necessary because this is not a declaratory judgment that the insurer must cover a potential judgment in the underlying four suits, but merely is limited to a "request for recovery on [American Guarantee]'s failure to provide for his **defense**." (emphasis original) (Doc. 18 at 9.) Plaintiff also argues that an injured party has no direct cause of action against a tortfeasor's insurance company, and thus, the underlying litigants here have no interest in this matter. (*Id.*) In reply, Defendant argues that if the Court rules that American Guarantee has no duty to defend, then as a result, they have no duty to indemnify Plaintiff. The Court agrees.

Rule 12(b)(7) allows a party to file a motion to dismiss for the failure to join a necessary party under Rule 19. Rule 19 requires the joinder of a person—whose joinder will not deprive the court of subject matter jurisdiction—if: "(A) in that person's absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Courts in this district have consistently found that underlying claimants are necessary parties in declaratory actions between insurers and insureds brought to determine insurance coverage for claims. *American Family Mutual Insurance Co. v. Clancy*, No. CV-09-1077-PHX-ROS, 2010 WL 11431812, at *2 (D. Ariz. Feb. 23, 2010); *Colony Ins. Co. v. Events Plus, Inc.*, 585 F.Supp.2d 1148, 1157 (D. Ariz. 2008); *Greenberg v. Fireman's Fund Ins. Co.*, No. CV-07-1554-PHX-DGC, 2007 WL 4105990, at *4 (D. Ariz. Nov. 16, 2007). In deciding this, courts have reasoned that underlying claimants are indispensable parties because a coverage decision could affect their ability to recover damages should they prevail in an underlying suit. *Colony*, 585 F.Supp.2d at 1157. Therefore, their absence from declaratory actions to determine insurance coverage may affect their ability to protect

that interest. *Id.*

If a person who is required to be joined cannot be joined, the court must determine whether, "in equity and good conscience, the action should proceed among the existing parties or should be dismissed." The factors the court should consider include:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

    (A)    protective provisions in the judgment;

    (B)    shaping the relief; or

    (C)    other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder." Fed. R. Civ. P. 19(b).

Here, the Court finds that the underlying claimants are indispensable parties to the action, and their joinder is required. Although, this action is not for a declaratory judgment, a ruling in favor of the Defendant would have the same practical effect because it would shield the Defendant from having to defend the Plaintiff in the four underlying actions, and would necessarily absolve Defendant from having to indemnify the Plaintiff if the underlying litigants obtained judgments.[2] Therefore, the underlying litigants have an interest in this matter.

The Court also finds that the joinder of the underlying litigants is not feasible. As Defendant points out, the underlying claimants, Mildred Weisberg and James Weisberg, are Pennsylvania residents with no apparent connection to Arizona. (Doc. 14 at 6.) Therefore, it does not appear that the Court has personal jurisdiction over the underlying claimants. Because the joinder of the underlying claimants is not feasible, the Court, using the Rule 19(b) factors, considers whether the action should proceed among the existing

---

[2] The Plaintiff himself admits that the determination of indemnity obligations is necessarily a narrower inquiry than the duty to defend. (Doc. 18 at 12.) It necessarily follows that if an insurer has no duty to defend, then it has no duty to indemnify.

- 5 -

parties or should be dismissed. For the first factor, a judgment rendered in the absence of the underlying claimants would prejudice those persons because Defendant would necessarily have no duty to indemnify Plaintiff if the Court entered a judgment for the Defendant. This factor weighs in favor of dismissal. For the second factor, it does not appear that the Court could lessen or avoid the prejudice through the measures listed in Rule 19(b)(2). For factor three, a judgment rendered in the absence of the underlying claimants would likely be adequate for the Plaintiff and Defendant before this Court. A judgment would adequately inform the parties whether the Defendant has a duty to defend the Plaintiff. Examining factor four, the Plaintiff would have an adequate remedy if this action were dismissed because he is a party to the matter currently pending in the Eastern District of Pennsylvania that will necessarily determine whether Defendant has a duty to defend Plaintiff in the four underlying lawsuits under the policy. Therefore, the Court finds that the Rule 19(b) factors favor the dismissal of this action.

### 2. First-to-File Rule

The Court's decision to dismiss this action for failure to join an indispensable party renders a ruling on the Defendant's first-to-file argument moot. However, were the Court to rule on Defendant's first-to-file argument, it would likely find that Defendant's suit for a declaratory judgment in the Eastern District of Pennsylvania was an anticipatory suit, a practice discouraged by this Court. *Payne v. Kennedy Johnson Gallagher LLC*, CV-10-297-PHX-DGC, 2010 WL 2079928 at * 2 (D. Ariz. 2010) (courts recognize the equitable exceptions to the first-to-file rule of bad faith, anticipatory suit, or forum shopping in order to "'eliminate the race to the courthouse door in an attempt to preempt a later suit in another forum.'").

///

///

///

///

### III. CONCLUSION

For the reasons discussed above,

**IT IS ORDERED** granting Defendant's Motion to Dismiss (Doc. 14.) and dismissing Plaintiff's Complaint (Doc. 1.) under Rule 12(b)(7) for failure to join indispensable parties.

Dated this 29th of September, 2020.

_____
Honorable Susan M. Brnovich
United States District Judge